IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Kevin Wayne Quick, )
    Plaintiff, )
)
v. ) 1:12cv962 (TSE/TCB)
)
Dr. Warren Hercules, )
    Defendant. )

MEMORANDUM OPINION

Kevin Wayne Quick, a Virginia inmate proceeding pro se, has filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he suffers deliberate indifference to his serious medical needs at the Chesapeake City Jail ("CCJ"). Plaintiff has moved to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claim against the defendant must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

I.

Plaintiff alleges that he suffers from a skin disorder or parasites which has caused a

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

1

"really nasty bump swelling in [his] genitals." Compl. at 5. Plaintiff has submitted numerous sick call requests but has only seen the doctor twice. Plaintiff received antibiotics but the condition worsened, and in response to plaintiff's continued complaints he received "Adarax for itching." Id. Pictures were taken of plaintiff's skin condition, and he was told he was going to get treatment, but he has not, and the swelling caused by the condition is getting "unbearable" and is causing plaintiff to experience difficulty in urination, to the point that he fears for his life if his bladder should burst. Plaintiff alleges that the sole named defendant, Dr. Hercules, has failed to diagnose his condition properly, and has been deliberately indifferent to plaintiff's serious medical needs. Plaintiff seeks injunctive relief in the form of "medical treatment," as well as an award of monetary damages.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S.

327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Importantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, plaintiff fails to state an actionable Eighth Amendment claim for the denial of medical care. As to the first component of such a claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Based on plaintiff's allegations of severe pain and other problems, it is assumed here that he has a sufficiently serious condition to warrant constitutional protection. However, his claim fails on the second prong of the analysis, because his own allegations belie any suggestion that defendant was deliberately indifferent to that condition. Plaintiff states that he has seen the doctor at least twice, he received antibiotics and medication for his itching, and the doctor has taken pictures of plaintiff's skin condition. Although plaintiff clearly believes that his care has been inadequate and ineffectual, his claim amounts to no more than a difference of opinion between plaintiff and defendant over the proper course of his treatment, and thus does not state a claim of constitutional dimension. Wright, 766 F.2d at 849. The admitted fact that plaintiff is receiving some treatment for his condition belies any suggestion that defendants have been deliberately indifferent to his medical needs, either by actual intent or reckless disregard. Cf. Estelle, 429 U.S.

at 106. Therefore, he fails to state a claim for violation of his rights under the Eighth Amendment.

IV.

For the foregoing reasons, plaintiff's claim of deliberate indifference must be dismissed for failure to state a claim pursuant to § 1915A. Plaintiff's application to proceed in forma pauperis accordingly must be denied, as moot. An appropriate Order shall issue.

Entered this 4th day of October 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge